UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Pam Dubov, et al.,

Case No. 8:11-CV-484-EAK

    Appellants,

vs.

Sandra Ann Read,

    Appellee.
_____/

## ORDER DIRECTING THE CLERK'S OFFICE TO ENTER JUDGEMENT AFFIRMING FINAL ORDER ENTERED BY THE UNITED STATES BANKRUPTCY COURT

This order comes before the Court on Appellant, Property Appraiser of Pinellas County, Florida, Pam Dubov's, (hereafter "Appellant") appeal from a final order entered by the United States Bankruptcy Court for the Middle District of Florida, Tampa Division finding Sandra Ann Read's (hereafter "Appellee") request for determination of ad valorem tax claims under 11 U.S.C. § 505(a)(2)(C) timely. For the reasons set forth below, the order of the Bankruptcy Court shall be AFFIRMED.

### BACKGROUND

This appeal from Case Number: 8:09-bkk-25809-MGW concerns Memorandum Opinion on Timeliness of Request for Determination of Ad Valorem Tax Claims Under Bankruptcy Code § 505 (Doc. 1), and the resulting order determining that Appellee's request for determination of her ad valorem tax liability was timely filed, entered by the Honorable Michael G. Williamson.

This cause arises from a claim (hereafter "Tax Claims") filed by Appellant for ad valorem taxes owed with respect to approximately twenty investment properties owned by the Appellee. The case was certified for collection to the Tax Collector by the Property Appraiser on October 12, 2009. The Appellee filed her voluntary petition under Chapter 11 of the Bankruptcy Code on November 10, 2009, within the time period to challenge the assessment values for the Appellee's 2009 ad valorem taxes. Pursuant to 11 U.S.C. § 502(a)(2)(C), Appellee first objected to the Tax Claims on April 21, 2010, more than four months past the time to challenge the assessment. In her objection, Appellee contended that the assessment values exceed the actual values.

On July 2, 2010, Appellee amended her initial objection to the assessment values. This amendment joined the Pinellas County Property Appraiser as a necessary party for proper determination of the Tax Claims, invoked 11 U.S.C. § 505(A)(2)(C) as a basis for the Bankruptcy Court to make a determination of the tax liability set forth in the Tax Claims, and referenced 11 U.S.C. §108(a) for the proposition that the applicable period for contesting the amount of the Tax Claims was extended upon filing of the bankruptcy case for up to two years after the order for relief.

The Bankruptcy Court issued its Memorandum Opinion on January 19, 2011 holding that the Appellee's request for determination of ad valorem tax liabilities under 11 U.S.C. § 505(a)(2)(C) was timely filed. The Bankruptcy Court found that even though the request was filed after the time period for contesting the tax liability under state law had expired, the applicable time period had not expired as of the date of the bankruptcy petition. The Bankruptcy Court determined that pursuant to 11 U.S.C. §108(a), the time period to make a request for determination of ad valorem tax liabilities had been extended by operation of law.

## JURISDICTION AND STANDARD OF APPELLATE REVIEW

This Court has appellate jurisdiction of final judgments of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1)(2011). On appeal Federal rule of Bankruptcy Procedure § 8013 states that a District Court shall review the factual findings of a Bankruptcy Court for clear error. *In re Optical Technologies, Inc.*, 425 F.3d 1294, 1299-1300 (11th Cir. 2005). Finally, the District Court will review conclusions of law *de novo*. *Id.* at 1300.

## DISCUSSION

The single issue on appeal is whether the more specific provisions of 11 U.S.C. § 505(a)(2)(C) preclude the Bankruptcy Court from hearing issues relating to the amount or legality of any amount arising in connection with an ad valorem tax on real property of the estate, when the applicable period for contesting or re-determining that amount had expired under applicable state law prior to any objection to the amount of the ad valorem tax, notwithstanding the general extension of time periods contained within 11 U.S.C. § 108(a). This Court adopts by reference the conclusions of law drawn by the Bankruptcy Court.

Accordingly, it is:

**ORDERED** that the opinion of the Bankruptcy Court is **AFFIRMED** and this appeal is **DISMISSED**. The Clerk of Court is directed to enter judgment for the Appellee, close this case, and remand the case to the Bankruptcy Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 7th day of October, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record